IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN HAMMER,

    Plaintiff,

    vs.                                                        CIV 14-0755 JCH/KBM

LORENZO SILVA,
TAOS COUNTY ADULT DETENTION CENTER,

    Defendants.

# ORDER TO SHOW CAUSE

**THIS MATTER** came before the Court for a telephonic Rule 16 Initial Scheduling Conference set for today, Tuesday, December 9, 2014 at 3:00 p.m. Defendant appeared through counsel of record, Carlos Quinones. However, *pro se* Plaintiff Steven Hammer failed to call in as required by my Initial Scheduling Order of October 30, 2014. *See Doc. 11*. The court's docket reflects that my Order was mailed to Plaintiff at his address of record, and nothing indicates that he did not receive a copy of that Order.

Plaintiff also failed to respond to correspondence from counsel for Defendant in order to arrange the meet and confer or to participate in the drafting of the Joint Status Report and Provisional Discovery Plan ("JSR") as required by that Order. Accordingly, on December 2, 2014, counsel for Defendant submitted a JSR including only Defendants' portions. *Doc. 13*. Additionally, on December 9, 2014, Defendants filed a Notice with the Court indicating that a draft of Defendants' portions of the JSR was mailed to Plaintiff at his mailing address of record, along with a letter dated November 14, 2014, which requested that Plaintiff contact counsel for Defendants to arrange for a telephonic meet and confer.

At the telephonic conference, Defendants' counsel advised the Court that he had attempted to contact Mr. Hammer by telephone and written correspondence to no avail. Although the scheduling conference continued until 3:08 p.m., Mr. Hammer failed to join the conference. Because of Plaintiff's failure to attend, the Court was unable to complete the Rule 16 or to provide dates to move this case forward.

Plaintiff's failure to comply with the Court's Order would seem to demonstrate a manifest lack of interest in litigating his claims.  *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962).  The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency.  *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 642-43(1976); *Link v. Wabash R.R. Co*., 370 U.S. 626, 629-30 (1962); *see also Costello v. United States*, 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc*., 400 F.3d 853, 855 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

**IT IS THEREFORE ORDERED**, that no later than **Friday, December 19, 2014,** Mr. Hammer shall file a response to this Order to Show Cause explaining why he failed to attend the Rule 16 scheduling conference on December 9, 2014, and indicating whether he intends to continue to prosecute this case and why he should not be sanctioned for the violation of the Court's Orders**.  Mr. Hammer is cautioned that if he**

**fails to respond to this Order, the Court will likely dismiss this case without further notice.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE